**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAWRENCE KEMP TENNILLE, II** | ) | |
| | ) | |
| **Petitioner,** | ) | **C.A. No. 07-218 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **District Judge McLaughlin** |
| **WARDEN, FCI MCKEAN, et al.,** | ) | **Chief Magistrate Judge Baxter** |
| | ) | |
| **Respondents.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice.

**II.    REPORT**

Petitioner Lawrence Kemp Tennille, II, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges the extradition process that took place prior to his 1997 conviction on federal crimes in the United States District Court for the Eastern District of Kentucky. Petitioner argues that he was not a fugitive in 1997 when he was extradited from Michigan to Kentucky, and that the documents underlying the extradition were not in order at the time of the extradition. (*Petition*, Docket No. 3 at 3).

**A.    Relevant Procedural History**

On July 2, 1996, a federal grand jury in the United States District Court for the Eastern District of Kentucky returned an indictment charging Petitioner with conspiring to possess in excess of fifty grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 846. A warrant was issued for Petitioner's arrest on July 2, 1996. He was arrested in Michigan on January 24, 1997, and he subsequently waived formal extradition and returned to Kentucky to face the drug conspiracy charge. On May 22, 1997, a jury empaneled by the District Court for

the Eastern District of Kentucky returned a verdict of guilt.[1]  He was sentenced on September 12, 1997, to a term of life imprisonment.  The United States Court of Appeals for the Sixth Circuit affirmed on February 3, 2000.  <u>United States v. Tennille</u>, No. 97-6245, 2000 WL 191725 (6th Cir. Feb. 3, 2000).

On numerous occasions following the imposition of his judgment of sentence, Petitioner has sought a court order directing that he be released from his term of imprisonment because the extradition process allegedly was defective.  On June 19, 2000, he filed a motion to vacate under 28 U.S.C. § 2255, which was docketed in his criminal case.  On June 15, 2001, that motion was denied.  On that same date, the district court also denied without prejudice two other § 2255 motions that Petitioner had filed in March 2001, on the ground that leave of the Sixth Circuit Court was required before a second or successive § 2255 motion could be considered.  Petitioner did not appeal, and he did not seek leave from the Sixth Circuit Court, pursuant to 28 U.S.C. § 2244(b)(3), to file a second or successive § 2255 motion.  (<u>See</u> Ex. G to *Response*, Docket No. 12).

In November 1999, December 2001, and April 2002, Petitioner commenced separate habeas actions in the United States District Court for the District of Columbia in which he appears to have challenged, *inter alia*, the extradition process that occurred prior to his conviction in the Eastern District of Kentucky.  On each occasion, the district court construed that petition as a motion to vacate under 28 U.S.C. § 2255 and dismissed it for lack of subject matter jurisdiction.  (<u>See</u> Exs. A-C to *Response*).

On October 16, 2002 Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Western District of Tennessee.  In this petition, he raised the following alleged due process violations surrounding his 1997 arrest and extradition: (1) that the Extradition Magistrate had failed to review certain documentation that Kentucky officials were to

---

[1] According to Petitioner, on or around June 29, 1997, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he challenged his alleged improper extradition.  That petition was construed by the District Court for the Eastern District of Kentucky as a motion to vacate pursuant to 28 U.S.C. § 2255 and was denied as premature.  (<u>See</u> *Notice*, Docket No. 27).

provide; (2) that the Extradition Magistrate had failed to review documentation pertaining to Petitioner's status as a fugitive; and (3) that Petitioner had been arrested without a valid warrant. As relief, Petitioner sought his immediate release from incarceration. (See Ex. D to *Response*, at 4-6). On October 29, 2002, the district court rejected Petitioner's habeas petition outright, observing that once a prisoner has been brought within the custody of the demanding state, the legality of the extradition is no longer a proper subject of any legal attack by him, and finding that Petitioner's claims were otherwise meritless. (Ex. E to *Response*, at 2-4).

On December 10, 2002, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Tennessee, in which he once more attempted to challenge his 1997 extradition from Michigan to Kentucky. The district court dismissed the petition because it held that the issues presented in it were the same as those contained in Petitioner's October 16, 2002, habeas petition. The Court also recognized that all the matters contained in the petition were properly the subject of a § 2255 motion. (Ex. F to *Response*). The Sixth Circuit Court affirmed on August 8, 2003, because it determined that Petitioner "was properly arrested and he received all the rights contemplated under the federal criminal rules before his transfer to the Eastern District of Kentucky for trial." Tennille v. Davis, 73 Fed. Appx. 136 (6th Cir. 2003).

In 2007, Petitioner was transferred to the Federal Correctional Institution, McKean, which is located within the Western District of Pennsylvania. In the petition for writ of habeas corpus that he filed with this Court [Docket No. 3], he once again challenges his 1997 extradition.

**B.    Discussion**

The petition should be dismissed with prejudice. First, the Court does not have subject matter jurisdiction. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). See also, Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002); Chambers v. Romine, 41 Fed. Appx. 525, 526 (3d Cir. 2002); Brown v. Mendez,

167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972)).  In contrast, matters concerning the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated.  Such claims are properly brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See, e.g., Cradle, 290 F.3d at 538-39.  In the present case, although Petitioner insists that he is not contesting the validity of the sentence imposed by the District Court for the Eastern District of Kentucky, it appears that that is exactly what he is doing, as he presumably wants an order from this Court directing that he be released from that sentence because his extradition allegedly was defective.  Thus, under § 2241 jurisprudence, the issues raised in the instant petition are not within the jurisdiction of this Court.

Second, to the extent that Petitioner raises any habeas claim that actually implicate the legality of his detention (as opposed to the validity of his judgment of sentence), the petition must be dismissed under the abuse of the writ doctrine, described by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991).  See also, Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002).  The petition is also subject to dismissal under 28 U.S.C. § 2244(a), which provides that a petition for writ of habeas corpus filed under § 2241 should be dismissed as successive if it raises issues that "either had been, or could have been, decided in" a previous habeas action.[2]  Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam).

## III.   CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice.  In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B),

---

2.      28 U.S.C. § 2244(a) provides: "No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255."

the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. <u>See</u> <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

Dated: April 14, 2009                    <u>/s/ Susan Paradise Baxter</u>
                                         SUSAN PARADISE BAXTER
                                         Chief U.S. Magistrate Judge